Spear, J.
The record discloses that in the year 1886, and for a long time prior, Eusebia B. Meeks and her husband, Isaac S. Meeks, the plaintiff, were in the possession, as a homestead, of the real estate which is the subject of the action, and so remained in possession until the decease of Mrs, Meeks, June 17, 1889. The title was in the wife. On August 6,1886, they executed a deed of gift of the premises to Roxanna M. Still-well, a child six years of age and a granddaughter of Mrs. Meeks. The deed.was placed in the drawer of a bureau in their bedroom, with the understanding that it would be delivered after their decease. It there remained until the month of May, 1886, when Mrs. Meeks, being ill with what she believed was, and which proved to be her last sickness, and being told that the deed would have no effect unless delivered before her death, without the knowledge or consent of her husband, handed the deed to an attorney who was her friend and adviser, with directions to place it on record for Roxa. A few days thereafter, and while the deed was in the hands-'of the attorney, Mrs. Meeks sent for him to bring' the deed to her, *546 which was done. She then stated that it was not her intention to have her husband put out of the property, and that he should be allowed to live there and occupy it as he had been occupying it before. She then wrote in the deed, following the warranting clause, these words:
‘ ‘ This deed is by no means designed to prevent the aforesaid Dr. Isaac S. Meeks, my husband, from the right of a home in part of the house, he to pay the taxes and make the repairs. Also can collect the rents. E. Í3. Meeks.
“June 3d, Troy, Ohio.”
The deed was then handed to the attorney, who the next day delivered it to the recorder of deeds of the county, and it was at once recorded. The plaintiff had knowledge of the above addition to the deed and assented to the subsequent delivery for record.
After the decease of the wife the plaintiff, being advised that his rights in the homestead had been taken away. by the deed, and that he would be liable for rent if he remained in the house, moved out. Later, being advised to the contrary, this suit was commenced, to obtain possession, etc.
It was held by the circuit court that the delivery of the deed by Mrs. Meeks to the attorney, with direction to have it placed on record for Roxa, constituted a complete deliverjq and that the subsequent transactions respecting the deed were without legal effect. In this we think the learned court erred. True it is that the delivery to another than .the grantee does not necessarily invalidate it, for, as held in Mitchell v. Ryan, 3 Ohio St., 377, delivery of a deed may be to a stranger for the grantee’s use. In the case at *547 bar, however, it is at least doubtful whether the delivery referred to having been made to one who was thus constituted . the grantor’s agent for one purpose only, viz., to deliver the deed to the recorder for record, the grantor might not, before that act was done, even though the instrument had expressed the intention of the makers, revoke the authority and resume control of the instrument. The acts which the grantor apparently intended should constitute a delivery were the leaving of the deed with the recorder and its record. Neither of these acts had been performed, and it is difficult to see why the grantor might not change her direction to her agent with like effect as though she had undertaken to deli ver the deed to the recorder herself and changed her mind before doing so. But be that as it may, the deed on its face and by the record, contained a reservation in favor of the husband. The donee, in face of this reservation, could not prevail without a reformation of the instrument setting aside that provision, and before the court could do that all of the facts pertaining to the execution and delivery must be inquired into. Such inquiry disclosed that the addition made by Mrs. Meeks was for the purpose of making the instrument conform to her intention. That fact appearing, it necessarily ended the controversy. Equity will not reform a deed of gift against the intention of the donor. On the contrary, such deed will be set aside when it is clearly shown that it does not conform to the intention of the donor, or was executed under a material misapprehension as to its effect. Mulock v. Mulock, 31 N. J. E., 594; Story’s Eq. Jur., sec. 706a; Thornton on Gifts, secs. 118, 450.
*548 Objection was made to proof of the declarations of Mrs. Meeks as to her intention made to the attorney at the time she corrected the deed, as hearsay. We think the declarations were competent as part of the res gestae. They accompanied the act, and served to illustrate and give color to it.
But the first delivery to the attorney should not be sustained against the plaintiff for the further reason that it was not assented to by him, and was contrary to the understanding had when the deed was executed.
Objection was made to the testimony by the plaintiff respecting the cause of his moving out of the property. We think it was competent to show that he surrendered possession in ignorance of his legal rights, and to rebut any presumption of an agreement which would prejudice his rights.
A portion of the premises was sold and conveyed by the guardian of the grantee, while the plaintiff was voluntarily out of possession. As to this portion the plaintiff should not now be heard to assert his claim. But, under the undisputed evidence the plaintiff should recover possession of whatever the reservation in the deed secures to him, less the parcel above referred to. The meaning of the reservation clause is not free from doubt, but we are inclined to the conclusion that the intention of Mrs. Meeks was to secure a home for her husband in the entire premises, and so hold.
The judgment will be reversed and judgment for plaintiff entered, dismissing the cross-petition, awarding possession to the plaintiff, with costs, and remanding the cause for further proceedings as to rents and profits.

Judgment reversed.